UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. FRANCIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00123-ACL |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On September 13, 2019, the Court ordered petitioner Charles E. Francis to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be summarily denied and dismissed as time-barred. (Docket No. 13). Petitioner was given thirty days in which to file a response. He has not submitted anything to the Court. Thus, for the reasons discussed below, the Court will deny and dismiss the petition as untimely.

### Background

On April 17, 2014, petitioner was charged by amended information with one count of manufacturing methamphetamine at a residence where a minor child resided. *State of Missouri v. Francis*, No. 12IR-CR00288-01 (42nd Cir., Iron County).[1] Following a jury trial on April 24, 2014, petitioner was found guilty. He was sentenced on August 8, 2018 to life in prison. He filed a notice of appeal on August 18, 2014.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these state public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

The Missouri Court of Appeals affirmed petitioner's judgment and sentence on September 17, 2015. *State of Missouri v. Francis*, No. SD33491 (Mo. App. S.D. 2015). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

Petitioner did not file a motion to set aside until December 28, 2015. *Francis v. State of Missouri*, No. 16IR-CC00001 (42nd Cir., Iron County). The motion was denied on March 23, 2017. Petitioner filed a notice of appeal on March 29, 2017. *Francis v. State of Missouri*, No. SD34926 (Mo. App. S.D. 2018). The Missouri Court of Appeals affirmed the circuit court's decision on August 31, 2018. The mandate was issued on September 18, 2018.

Petitioner filed the instant petition on July 24, 2019, by placing it into the prison mailing system.[2] (Docket No. 1 at 13).

On September 13, 2019, petitioner was ordered to show cause in writing as to why the Court should not dismiss his petition as time-barred. The Court noted that petitioner appeared to have filed his petition thirty days after the expiration of the one-year statute of limitations. The Court gave petitioner thirty days in which to submit his response. More than thirty days have elapsed, and petitioner has not filed a response with the Court.

**Discussion**

Petitioner is a pro se litigant currently incarcerated in the Southeast Correctional Center in Charleston, Missouri. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, the Court has determined that the petition is untimely. The Court provided petitioner with an opportunity to show cause why his petition should not be denied and dismissed. However, petitioner has not submitted

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

a response. Therefore, for the reasons discussed below, the Court must deny and dismiss petitioner's § 2254 petition as time-barred.

## A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners, such as petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

The Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal on September 17, 2015. Petitioner did not file a motion to transfer to the Missouri Supreme Court. Thus, his judgment became final on October 2, 2015, the date that the fifteen-day period

3

for filing an application to transfer expired. Petitioner's one-year statute of limitations began running at this time.

Petitioner did not file a motion to set aside until December 28, 2015. The period of "time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). Thus, the eighty-seven (87) days that elapsed between October 2, 2015 and December 28, 2015 counts against the one-year limitations period.

Once petitioner filed his motion to set aside on December 28, 2015, the AEDPA's statute of limitations began tolling while the postconviction proceedings were pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). The Missouri Court of Appeals issued its mandate on September 18, 2018, which marked the end of petitioner's postconviction proceedings. The period between December 28, 2015 and September 18, 2018 does not count against petitioner's one-year limitations period.

At the point when the statute of limitations began running again on September 18, 2018, eighty-seven (87) days had already elapsed, meaning that petitioner had two-hundred-and-seventy-

4

eight (278) days in which to timely file his § 2254 petition. In other words, he needed to file his petition by June 24, 2019.[3] Petitioner, however, did not file his petition until July 24, 2019, thirty days after the expiration of the limitations period. As such, the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). Petitioner, however, did not provide a response to the Court, and therefore failed to provide any equitable tolling grounds.

**B. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief, because he filed his § 2254 petition thirty days after the expiration of the one-year statute of limitations. Moreover, despite being given an opportunity to demonstrate why his petition should not be dismissed, petitioner did not submit a response to the Court. Petitioner has thus failed to provide any grounds on which to apply the doctrine of equitable tolling, which might have relieved the strict application of the statute of limitations to his petition.

**C. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or

---

[3] Two-hundred-and-seventy-eight days from September 18, 2018 is actually Sunday, June 23, 2019. However, when the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

5

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Charles Francis's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 12th day of November, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE